IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL W. BODEMULLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04 C 1901 |
| ) | |
| CITY OF JOLIET POLICE OFFICERS ) | |
| BRIAN LANTON #299, SGT. PANIZZO ) | |
| #76, DETECTIVE RONALD NAGRA, ) | |
| and THE CITY OF JOLIET, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Carl W. Bodemuller was arrested following an altercation with an employee at a Kentucky Fried Chicken restaurant located in Joliet, Illinois. Bodemuller sued the restaurant and one of its employees, as well as the City of Joliet and the arresting officers, for false arrest, false imprisonment, and malicious prosecution. Bodemuller previously settled with the restaurant and the employee. The city and the officers have moved for summary judgment on the grounds that the officers had probable cause to arrest Bodemuller. The Court agrees and therefore grants summary judgment in favor of the defendants.

### Facts

Summary judgment may only be granted when there are no genuine issues of material fact in dispute and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the Court views the facts in the light most

favorable to the non-moving party and draws reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

According to Bodemuller, on Saturday, March 15, 2003, he drove his nine-year-old daughter to a Kentucky Fried Chicken restaurant in Joliet. Pl. St. Add. Facts ¶ 3. He says that he placed an order at the drive up window for around sixteen dollars worth of food and then tendered a fifty dollar bill and the correct loose change to the cashier. *Id.* ¶ 5; Bodemuller Dep. at 23. According to Bodemuller, the employee took the bill but threw the change back at him, said she was not going to count the change, and left the window. Pl. St. Add. Facts ¶¶ 5-6. When the employee returned to the window, Bodemuller says, he asked for his order and the change he was owed from the fifty dollars. Bodemuller Dep. at 26. He says the employee denied having received the money and refused to give him his food. *Id.* Bodemuller says he called the employee a "bitch," and she threw a cup of soda into his car, dousing him, his daughter, and the car. *Id.* at 26-29, 31.

Bodemuller and his daughter left the Kentucky Fried Chicken and drove to Bodemuller's uncle's home, where Bodemuller wiped the soda off his daughter. *Id.* at 29-31. After a short period at the house, Bodemuller says, he returned with his daughter to the restaurant. *Id.* at 31. He parked in a nearby parking lot, left his daughter in the car, and set off to look for a restaurant manager who could refund his money. *Id.* at 33-34. When he entered the restaurant, he told an employee – who he says was not the one who had thrown the drink at him – that he wanted to see the manager. Pl. St. Add. Facts ¶ 9. The employee he approached, Keiwanna Edwards, turned out to be the manager. *Id.* Edwards said she had called the police. Bodemuller Dep. at 37-39. Bodemuller says he returned to his car to await their arrival. *Id.* at 38.

2

Two Joliet police officers, Robert Blackburn and defendant Brian Lanton, arrived on the scene. *Id.* at 46, 52. Bodemuller told Lanton that an employee of the restaurant had taken his money and thrown soda in his face. *Id.* at 50-52. Lanton went into the restaurant to investigate. Pl. St. Add. Facts ¶ 15.

Bodemuller has no personal knowledge regarding what happened inside the restaurant between the officers and the restaurant personnel, but he does not dispute that Lanton interviewed Keiwanna Edwards. Pl. Mem. at 8. According to Lanton, Edwards told him that she was the employee working at the drive up window when Bodemuller placed his order. Lanton Dep. at 13. She told Lanton that Bodemuller was unable to pay for his food and that when she refused to give him his order, he spit in her face and uttered a racial epithet at her. *Id.* at 13-14. She further stated that upon Bodemuller's return to the restaurant, he had threatened her using racial slurs. *Id.* at 14. After speaking with Edwards, Lanton returned to Bodemuller's car and placed him under arrest for battery and for violating Illinois' hate crime statute. Pl. St. Add. Facts ¶ 17.

After a *Gerstein* hearing, bond was set at $75,000, which Bodemuller was unable to post. He remained in custody for three days, when he appeared in court following the filing of a criminal complaint for battery (no charge was filed for violating the hate crime statute). At that time, his bond was reduced to $5,000, which he was able to post. About five months later, the battery charge was dropped after Edwards failed to appear in court on the date the case was set for trial.

## Discussion

The defendants argue that they are entitled to summary judgment because the officers had probable cause to arrest Bodemuller. *See, e.g., Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989) ("The existence of probable cause is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution."). The Court agrees.

"Probable cause [to arrest exists] if 'at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that [the arrestee] had violated [the law]." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). An arrest is lawful "once probable cause is established as to each element of an offense." *Spiegel v. Cortese*, 196 F.3d 717, 725 (7th Cir. 2000).

Bodemuller was arrested for battery and commission of a hate crime. Under Illinois law, "[a] person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3. At the time of the arrest, the officers had probable cause based on Edwards' report to believe that Bodemuller intentionally made a physical contact of an insulting or provoking nature with Edwards, specifically, that he had spit in her face.

A person commits a hate crime under Illinois law when "by reason of the actual or perceived race ... of another individual or group of individuals, regardless of the existence of any other motivating factor or factors, he commits ... battery" or another of certain listed offenses. 720 ILCS 5/12-7.1. Edwards told Lanton that Bodemuller had uttered a racial slur at her after he

4

had spit in her face and that Bodemuller had continued to hurl racial epithets at her when he later confronted her in the restaurant. In light of these reported racial slurs, Lanton had probable cause to believe that Bodemuller had spit in Edwards face, in part, because she was African-American.

By reaching this conclusion, the Court does not intend to make a finding that Edwards' report to Lanton was a truthful or complete rendition of what actually had occurred. "[O]nce ... a reasonably credible complaint has been made, the existence of probable cause to arrest does not depend upon the actual truth of the complaint." *Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000). In the absence of any reason for Lanton to believe that Edwards was untrustworthy or that her report was improbable, her statement to Lanton provided probable cause to arrest Bodemuller. "When an officer has received his information from some person – normally the putative victim or an eyewitness – who it seems reasonable to believe is telling the truth, he has probable cause to arrest the accused perpetrator." *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) (internal quotation marks omitted); *see also Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). "Probable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth that matters." *Kelley v. Myler*, 149 F.3d 641, 647 (7th Cir. 1998) (quoting *Gramenos*, 797 F.2d at 439).

Bodemuller argues that the police should have conducted a further investigation following his protestations of innocence. Perhaps so, but their failure to do so does not negate the existence of probable cause. "[A] suspect's denial of guilt generally is not enough to trigger a duty to investigate in the face of a reasonably believable witness ...." *Beauchamp v. City of Noblesville*, 320 F.3d 733, 744 (7th Cir. 2003). A proper determination of probable cause did not

5

require the officers to conduct a further investigation following Bodemuller's claim that he had not spit in Edwards' face or directed a racial epithet at her.

The failure of the police to interview his daughter or inspect his clothing or the interior of his vehicle for signs of the soda that he told Lanton had been thrown at him likewise does not undermine the existence of probable cause. Though, in retrospect, it might have been advisable for the officers to take this step before arresting Bodemuller, they were not required to perform further investigation absent a reason to doubt the veracity of Edwards. *See, e.g., Beauchamp*, 320 F.3d at 733 ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); *Hebron v. Touhy*, 18 F.3d 421, 422-423 (7th Cir. 1994) ("Sometimes information from or about a person claiming to be the victim of crime would lead a reasonable officer to be suspicious, making further investigation prudent."); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986) ("A 'prudent' officer may balk if the person claiming to be an eyewitness strolls into the police station and describes a crime from long ago, or if the person leveling the accusation is babbling or inconsistent."). In this case, Bodemuller has offered no reason why the officers should have doubted Edwards, such that they had a duty to investigate further before placing Bodemuller under arrest. The Court also notes that even if the officers had found spilled soda inside Bodemuller's car, that would not have undermined the existence of probable cause, as it would not have negated Edwards' claim that Bodemuller had spit on her and used a racial epithet.

All of Bodemuller's claims against the City of Joliet and the individual police officers are defeated by a finding of probable cause, and as a result, summary judgment is appropriate on all

counts. *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989) ("[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution."); *see also, Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993); *Biddle v. Martin*, 992 F.2d 673, 678 (7th Cir. 1993); *Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir. 1991); *Meerbrey v. Marshall Field and Co.*, 139 Ill. 2d 455, 473-74, 564 N.E.2d 1222, 1231 (1990) (probable cause – referred to as "reasonable grounds" – is a necessary element of proving false arrest, false imprisonment, and malicious prosecution under Illinois law).

Because the Court has concluded that the undisputed facts show that the officers had probable cause to arrest Bodemuller, we need not address the individual defendants' alternative argument that they are entitled to entitled to qualified immunity.

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment [docket # 15-1]. The Clerk is directed to enter judgment in favor of the defendants.

MATTHEW F. KENNELLY
United States District Judge

Date: April 25, 2005